MEDINA, APPELLANT, *v.* REGISTRAR OF GUAYAMA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying
Admission to Record of a Deed of Sale.

No. 283.—Decided July 5, 1916.

PARTNERSHIP—SIGNATURE—BOARD OF DIRECTORS—PRESIDENT.—When it is agreed
in articles of partnership that a board of directors shall control the manage-
ment of the property of the company, although the president is authorized
to use the signature of the company he is not empowered to sell the prop-
erty of the company without the consent of the board of directors, for such
power was not given to him.

The facts are stated in the opinion.

*Mr. C. Dominguez Rubio* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public instrument of July 10, 1911, a number of
persons organized a company called the Cidra Land Com-
pany for the purpose of engaging in all kinds of industries,
as well as any other kind of business transactions connected
therewith and every branch of industry and stock raising.
They agreed that the company could enter into contracts of
purchase, sale, lease, agricultural financing and other con-
tracts necessary or desirable for its development and benefit
and fixed the amount of capital to be contributed by each
member in the manner and form to be determined by the
board of directors. They agreed that the members should
share the profits and losses and that the company should have
perpetual succession and be managed by six directors or man-
agers to be elected from its members by a majority vote,
said directors to hold the different offices of the company.
They named the persons who as president, vice-president,
treasurer, secretary and members should compose the board
of directors during the first year, or from July, 1911, to July,
1912, in which connection the twelfth clause relating to the
president and vice-president reads as follows:

"The president, and during his absence or sickness the vice-president, shall sign for the company and, therefore, are authorized to carry out the resolutions of the company, to sign such private and public instruments as may be required for purchases, sales, leases, agricultural financing, any other acts of conveyancing and all others relating to the purposes for which the company is organized."

On July 15, 1911, the president of said Cidra Land Company sold in its name to Moderado Medina a parcel of land for a cash consideration and when the deed thereto was presented in the Registry of Property of Guayama the registrar refused to record the same for the reason that the resolution of the board of directors authorizing the sale was not exhibited, and from that decision the purchaser took the present administrative appeal praying that it be reversed and the registrar ordered to record the instrument.

Hence, the only question before this court is whether the president of the Cidra Land Company was authorized to sell the property in the name of the said company without a resolution by the board of directors to that effect.

Although the appellant contends that the contract entered into by him is recordable because, being authorized to sign for the company, the president's powers are not limited to the resolutions which the board of directors may adopt, we are of the opinion that, in view of the wording of the twelfth clause of the articles transcribed, the authority of the president to sign for the company is subject to the resolutions of the company and is considered as derived therefrom; for after stating that he shall sign for the company it adds, "and therefore are authorized to carry out the resolutions of the company, to sign such private and public instruments as may be required for purchases, sales * * *," which signifies that the authority to sign for the company is derived from the resolutions which it may adopt. The president is not the manager of the company, but one of the members composing the board of directors which is in charge of the representation and management of the company; and al-

though the president is empowered to use the company's signature, he is not authorized to sell its property.  The control of the property of the company is vested in the board of directors and its president is authorized only to represent the company in the execution of such contracts as the said board may have agreed upon.

Therefore, the registrar was justified in refusing to record the said sale under the conditions in which it was made and his decision should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.